CARLO VELLONE *vs.* EDWARD DEWARDENER *et al.*

JULY 20, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit was brought to recover the balance due for labor performed and materials furnished under plaintiff's alleged agreement to build a house for defendants. It was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the sum of $1010. From that decision each party has prosecuted a bill of exceptions to this court.

Apparently the case was not tried and decided under the first count of the declaration, erroneously entitled "Bill Of Complaint," which is based on an alleged express contract, but rather under the second count which is based on certain of the common counts or allegations in *indebitatus assumpsit.* Moreover, the evidence as to the alleged original agreement and extra work is in conflict and in certain other respects is based largely upon estimates, recollection, and general statements rather than on actual facts or records.

However, there is evidence for the plaintiff which tends to show, in substance and effect, that he originally agreed to provide the labor necessary to complete a building 20 by 36 feet with full cellar in accordance with a proposed sketch for the total sum of approximately $1500; that the materials were to be provided by L. Grossman & Sons, Inc., hereinafter called Grossman, a lumber company, which also was making a construction loan to defendants out of which there would be at least $1500 to pay plaintiff; that defendants made substantial changes in the original plans and plaintiff agreed to do the extra work in consideration of the payment of an additional $500; that Grossman's agent was present and indicated at the time that such sum

of $500 for extra labor to complete the house was available; and that the total amount for the completed job as agreed was $2000. Plaintiff also claimed an additional $35 for certain material which with the consent of Grossman and defendants he had provided in order to facilitate the progress of the work. He agreed that he had received two checks on account totaling $450 which were made by Grossman payable to defendants and were endorsed by the latter to plaintiff. The balance in full claimed by him was $1585.

On the other hand the testimony for defendants tends to show that plaintiff originally agreed to perform the necessary labor in accordance with the proposed plan for the sum of $1200 to $1250; that the extra work made necessary by alterations in the plan before the work was begun brought the total agreed sum to $1500 for labor; that the progress of the work was unreasonably slow; and that the methods pursued by plaintiff, the inferior workmanship and the delays in completing the house caused unnecessary expenditures which should be considered in computing the amount due plaintiff on his claim for labor.

The trial justice noted the absence of records, which plaintiff claimed he had lost, the more or less general estimates as to the number of men and the time actually required by them for the extra work, and the unworkmanlike job in certain particulars, for example, the low cellar and certain insulation and finish. He also did not agree with the hourly rate of pay charged by plaintiff in view of the type and quality of the work provided. Basing his computations on his own experience and to some extent on the view of the job which he had taken, he concluded that considering the work as a whole the fair amount due the plaintiff for the balance of labor was $1010.

Plaintiff claims that the decision is erroneous in that he should have received the full amount which he claimed, because there was no credible evidence to the contrary and defendants' claim as to unnecessary expenditures was not

properly pleaded by setoff and therefore was not before the court. On the other hand defendants claim the decision is erroneous because the evidence shows that plaintiff's contract was made with Grossman and not with defendants; that according to the trial justice's own computations appearing in his decision the result is incorrect in that the decision if based on such figures should have been in the amount of $1110; and that this court is not empowered to *increase* the amount of the decision and therefore must grant a new trial.

We are unable to find sufficient evidence in the record to support certain hourly wage rates and time periods used by the trial justice in his computations. These were based to a large extent upon his personal experience and his view of the building. But disregarding entirely the method and particular computations upon which the trial justice made his decision we find nevertheless that there is evidence which reasonably supports his ultimate conclusion.

If we accept defendants' understanding and testimony concerning the original agreement the amount to be paid plaintiff for labor was at most $1250. To that should be added the reasonable value of the extra work necessary to provide the so-called extension by which the roof was raised three feet and two dormers were built in order to make the second floor available for two rooms in accordance with the plans as changed by defendants. Plaintiff and his witness indicated that the extension required two men working one week and the dormers required two men working two weeks; but no records were presented to establish that two men had actually worked on either of these additions. Moreover the plaintiff elsewhere merely testified: "I *think* I left two men there." (italics ours) On the other hand defendant Mrs. deWardener testified positively that only one man worked during such periods on this particular work.

In the circumstances there is credible evidence that the extension was completed by one man. At the wage rate of

$1.65 per hour for one week, as testified by plaintiff, the work of raising the roof would be worth $66. According to similar evidence the building of dormers required one man working for two weeks at the same rate per hour, which would be reasonably worth $132. Therefore the total of such extra work, that is $198, should be added to the $1250 fixed by the original agreement, making $1448 due plaintiff for labor. If we also add $35 alleged to have been expended by him for cement in accordance with the approval of Grossman's agent and defendants in order to facilitate the progress of the work, the total money due plaintiff upon a reasonable view of the credible evidence appears to us to be $1483.

From this amount, however, there should be deducted not only the total of $450 paid by the two checks and admittedly received by plaintiff but also an additional $20 which was advanced by defendants to him and according to the evidence was never repaid. Consequently the net total due plaintiff according to this computation would be $1483 less $470, or $1013. Although we arrive at this result by a method of computation different from that used by the trial justice, nevertheless it is substantially the amount of his ultimate decision. At any rate the difference is so small that in the circumstances it cannot amount to prejudicial error, and the plaintiff's exception is therefore overruled.

As for defendants' exception, we do not agree with their claim that the contract was made between plaintiff and Grossman. It is true that plaintiff testified in effect that he would not have contracted with defendants unless Grossman had agreed to provide the money as well as the material. In our opinion that alone does not establish the fact that the agreement was made by plaintiff with Grossman. It is clear from a reading of the evidence as a whole that plaintiff actually agreed with defendants to perform the labor in building defendants' house but that both looked to Grossman to provide under a construction loan to defendants the necessary money and material.

Whatever may be the effect as between defendants and Grossman of the evidence of the latter's agent concerning available money under the loan to pay plaintiff for the extra labor necessary to complete the house, it nevertheless does not alone prove that the contract here was between the plaintiff and Grossman.

On our view it becomes unnecessary to consider defendants' other claim, because we have entirely disregarded the method of computation used by the trial justice so far as it is not supported by evidence in the record. In our opinion, however, the ultimate result which the trial justice reached is more substantially correct than the claims of either plaintiff or defendants and on the record responds to the true merits of the controversy and does substantial justice between the parties. The defendants' exception is therefore overruled.

The exceptions of both plaintiff and defendants are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*William H. Leslie, Jr.,* for plaintiff.
*David B. Lovell, Jr.,* for defendants.